MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.
This matter comes before the Court on a Request for Recovery filed by Walter W. Kelley, Trustee, presenting the question of when it is appropriate, under 11 U.S.C. § 550(a), to award the monetary value of the property interest transferred in lieu of the property interest itself when the transfer is voidable as a preference. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(F). After considering the pleadings, evidence presented and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

Findings of Fact

On May 23,1995, Debtors executed a Purchase Agreement and Security Agreement for a 1994 Pontiac Grand Am, two-door, four-cylinder vehicle. The Security Agreement gave Bill Heard Oldsmobile, Inc. (“Seller”) a lien in the vehicle. Seller assigned this lien to GMAC. On June 20, 1995, Seller applied for a Georgia certificate of title in the name of Debtors showing GMAC as a security interest holder. This application was received by the State of Georgia on June 28, 1995.
Debtors filed a Chapter 7 petition on September 1, 1995. Approximately one week after the Meeting of Creditors, Trustee requested, in writing, that GMAC provide a copy of its security agreement, note and certificate of title to verify, its lienholder status. Numerous failed communications and settlement attempts between the parties ensued. As a result, Trustee filed this Adversary Proceeding on November 12,1996.
Trustee seeks recovery of the value of the vehicle plus costs and pre-judgment interest. GMAC consents that its lien is voidable as a preference, but contends that the proper award for Trustee is avoidance of GMAC’s lien plus recovery of the payments made by Debtors to GMAC during the preference period. The parties have stipulated that, at the petition date, the value of the vehicle was $11,500. The N.A.D.A Official Used Car Guide indicates that, as of February of 1997, the vehicle’s value had depreciated to approximately $8,875.[1] There is no evidence regarding- the total amount of payments made by Debtor to GMAC.

Conclusions of Law

Section 550 of the Bankruptcy Code outlines the remedies available when a lien is voidable as a preference. That section states the following:
(a) Except as provided in this section, to the extent that a transfer is voided ..., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
*1024 (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee.
11 U.S.C. § 550(a).- The parties agree that GMAC’s lien is voidable as a preference.[2] Thus, section 550 applies, and the sole issue remaining is what remedy under section 550(a) is appropriate in this case, return of the property transferred or the value of the property transferred.[3]
The Bankruptcy Code provides little guidance as to which of these section 550(a) remedies is more appropriate in a particular circumstance. However, case law states that the purpose of this provision is to “restore the financial condition of the estate to the state in which it would have been had the transfer not occurred.” Tidwell v. Chrysler Credit Corp. (In re Blackburn), 90 B.R. 569, 573 (Bankr.M.D.Ga.1987) (citing Reiber v. Baker (In re Baker), 17 B.R. 392, 395 (Bankr.W.D.N.Y.1982)); see also Aero-Fastener, Inc. v. Sierracin Corp. (In re AeroFastener), 177 B.R. 120, 139 (Bankr.D.Mass. 1994). It is within the discretion of the court as to whether this goal is best accomplished by awarding the value of the property interest transferred or the property interest itself.[4] In re International Ski Serv. Inc., 119 B.R. 654, 659 (Bankr.W.D.Wis.1990).
The terminology of the Code confuses this analysis. Section 547 provides that “the trustee may avoid any transfer of an interest of the debtor in property____” The “transfer” at issue in this ease was a lien, not the vehicle. The Trustee’s reference to the section 550 “property” as being a vehicle is incorrect. There is no issue in this case as to the transfer of the vehicle. It became the Debtors’ property on May 23, 1995, at the time it was purchased by the Debtors. It became property of the estate on September 1, 1995, at the time of the filing of the Chapter 7 petition in this case.
This adversary proceeding seeks to set aside the transfer of a lien not a vehicle. The relief awarded pursuant to this adversary proceeding will be a voiding of that lien. Since the vehicle is already property of the *1025 estate, the recovery for the avoidance of the lien is inherent in the enhancement of the value of the vehicle, in its character as property of the estate, free and clear of the lien. This enhancement of value is itself a recovery of “the property transferred” as contemplated by section 550. In declaring the lien void, GMAC has suffered a complete loss of the benefit of the transfer. Subject to the recovery of payments made by the Debtors, any additional recovery against GMAC might cause GMAC to lose an amount greater than the funds advanced to make the loan.
The option to make a cash award is one which will be employed in limited circumstances, and only where the voiding of the lien is inadequate or unavailable as a remedy. This holding finds support in the language of the Code itself. The Code states that the trustee can only recover the value of the property “if the court so orders.” 11 U.S.C. § 550. This language does not accompany the provision allowing a trustee to recover the property itself. This construction suggests a preference for recovery of the actual property over awarding of its value. Furthermore, if the goal is to place the bankruptcy estate in the position it would have been had the preferential transfer not occurred, it makes more sense for the Court to order recovery of the actual property whenever possible. In this case, voiding of the lien serves the purpose of returning the “property” to its pretransfer status, i.e., no lien before the transfer; no lien after the avoidance.
The Court recognizes that awarding a monetary recovery to the Trustee would save the estate the costs which it would otherwise incur in trying to sell the vehicle. Nonetheless, this fact does not justify such an award. If it did, the value of the property would always be awarded, and the section 550 provision allowing the trustee to recover the property transferred would be rendered meaningless, a result which Congress could not have intended.
"While there are circumstances in which an award of the value of the property transferred is appropriate, no such circumstances exist in this instant ease. The vehicle subject to the avoided lien, rather than being in the hands of a bona fide purchaser, is in the Debtors’ possession, available to be administered by the Trustee as an asset of the estate.
The fact that Debtors signed a reaffirmation of the debt with GMAC adds a peculiar twist to the problem. Trustee argues that recovery of the vehicle from Debtors would create a hardship for Debtors because of the reaffirmation agreement. According to Trustee, “[t]hey would be forced to pay GMAC under the reaffirmation agreement yet lose the car.” (Trustee’s Brief at 11.) This fact, while potentially detrimental to Debtors, is irrelevant to the issue before the Court. The decision by Debtors and their counsel to sign the reaffirmation agreement does not alter the Court’s analysis. Indeed, there is no logical way to reconcile the decision in this case with the fact that Debtors have agreed to pay a debt for which they will receive no consideration. The answer is not, as Trustee suggests, to require GMAC to pay over the value of the vehicle, while allowing Debtors to keep the vehicle and pay GMAC pursuant to the reaffirmation. Such a result is of no benefit to GMAC, and poses the prospect of a double loss to GMAC if Debtors default in the repayment agreement.[5] The question of relief for Debtors, if any is available, is not before the Court at this time.
Additionally, citing Blackburn, Trustee argues that, because of the depreciable nature of the vehicle, he should be allowed to recover its value at the date of the lien transfer rather than the vehicle itself. Trustee misapplies the holding of that case. In Blackburn, the defendant’s lien on the debtor’s pickup truck was avoided. The problem in that case was that, prior to the filing of the bankruptcy petition, the dealership which originally sold the truck to debtor had repossessed it (without notifying the defendant) and subsequently sold it to a second purchaser. Blackburn, 90 B.R. at 570-71. Since, at the time of the bankruptcy, the truck was *1026 owned by a good faith purchaser, avoidance of the lien was no longer a viable option. In that context, it was necessary to fashion a remedy by awarding the value of the vehicle instead of the vehicle itself. Thus, Blackburn may be instructive on the issue of when to measure value once it has been determined that the value of the property rather than recovery of the property itself is the proper section 550 remedy. The decision of the court in fashioning a remedy in that ease may be limited to the facts of that case.
In this case, that issue is not reached because it has been determined that recovery of the property in the form of avoidance of the lien, not an award of monetary value, is the appropriate remedy. Unlike in Block-bum, Debtors here are still in possession of the vehicle, and no good faith purchaser exists. Having determined that, under these circumstances, the property interest itself should be recovered, the question of when to measure value has no meaning in this case.
Trustee seeks costs and prejudgment interest. The specifications for this recovery are sketchy. There are no costs itemized or proven for recovery. There is no provision for recovery of attorney fees and expenses in section 547 or section 550. Since the amount of the monetary recovery in the form of payments made to GMAC has been increasing since this adversary proceeding was filed, there is no clear showing of any fixed liability as to which a recovery of interest might be calculated. The evidence and law on this prayer for relief does not support a recovery.
In addition to providing a recovery of the property in the form of avoidance of the lien, the Court will order, as GMAC suggested, that Trustee recover from GMAC any payments received from Debtors.
A further hearing will be scheduled to determine the timing and amount of these payments. After that hearing is concluded, a final order will be entered in accordance with this Memorandum Opinion.
SO ORDERED.

ORDER

In accordance with the Memorandum Opinion entered on this date, it is hereby
ORDERED that a hearing will be scheduled to determine the amount of payments made by Debtors to GMAC from May 23, 1995, the date of the Purchase Agreement and Security Agreement, to the date of the hearing; and it is hereby further
ORDERED that this order shall be deemed an interlocutory order in this adversary proceeding.

. This estimated value was calculated by averagbig the trade-in and retail values listed.

.The troublesome element of a purchase money or enabling loan preference action is the requirement that the transfer be made “for or on account of an antecedent debt owed by the debtor before such transfer was made.” 11 U.S.C. 547(b)(2). In order to determine whether this criterion is met, it is necessary to pinpoint when "such transfer was made." According to section 547(e):
(e) (2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—
(A) at the time such transfer .takes effect between transferor and transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (c)(3)(B); [or]
(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days....
The exception in section 547(c)(3)(B) extends the grace period for perfection from 10 to 20 days in the case of enabling loans. Thus, for enabling loans, a creditor can protect themselves by perfecting on or within 20 days after the debtor receives possession of the property. Under the direction of section 547(e)(2), if perfection occurs after this 20-day period, the transfer will be deemed to have occurred on the date perfected. As such, it will be a transfer "for or on account of an antecedent debt owed by the debtor before such transfer was made.” Assuming that the other section 547(b) criteria are met, the transfer will be deemed a preferential transfer. Here, the parties recognized that all elements of a preferential transfer were met, and, accordingly, they consented to that conclusion.

. In its Brief in Opposition, GMAC states that Seller "assigned the Installment Sales Contract for value to [GMAC], a holder in due course under Georgia Law.” The Court is uncertain as to the purpose of this statement. It might be that GMAC was suggesting that, under section 550(b), Trustee could not gain any recovery from GMAC. The Court only mentions this statement as a matter of completeness, because, in light of GMAC’s position statement that "[t]he Bankruptcy Court should transfer the'lien to the Trustee and require [GMAC] to pay to the Trustee the amounts received by [GMAC] through the date of the Bankruptcy Court's Order,” it is inconsistent to read the "holder in due course" statement as having that intent.

. In making this choice, courts have used a number of different factors including: "whether the property is recoverable; whether the property has diminished in value by virtue of depreciation or conversion; whether there is conflicting evidence as to the value of the property; [and] whether the value of the property is readily determinable and a monetary award would result in a savings to the estate.” Collier on Bankruptcy ¶ 550.02[3], at 550 (citing Morris v. Kansas Drywall Supply Co. (In re Classic Drywall Inc.), 127 B.R. 874, 877 (D.Kan.1991)).

. While GMAC, in offering to tender funds paid by Debtor, might be estopped to assert the right to payment under the ill fated reaffirmation agreement, it appears to the Court from representation made by GMAC in this case, that they can be expected to deal fairly with Debtors. Further consideration of that matter, if it should prove to be necessary, may be initiated by the motion of a party.