**In re CONSOLIDATED YACHT CORPORATION, Debtor.**

**No. 02–19483–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Feb. 14, 2006.

---

Ross R. Hartog, Markowitz, Davis, Ringel & Trusty, P.A., Miami, FL, for trustee.

## MEMORANDUM OPINION AND ORDER DENYING IN PART MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES AND SETTING FURTHER HEARING

ROBERT A. MARK, Chief Judge.

The Court conducted a hearing on January 3, 2006 at 2:00 p.m. on the *"Amended Motion for Entry of Order Determining Entitlement to Allowance of Claim for Administrative Expenses Pursuant to § 503(b) of the Bankruptcy Code by Interested Party, Miami River Development, LLC"* (the "Motion") (CP# 833). The majority of the claims raised in the Motion are for payments allegedly made by MRD to improve certain real property owned by MRD, but later recovered by the Chapter 11 Trustee (the "Trustee") in a fraudulent conveyance adversary proceeding filed in this Chapter 11 case, specifically, Adv. No. 03–1439 (the "Adversary"). The Trustee argues that these payments cannot be allowed as administrative expenses under 11 U.S.C. § 503(b) since MRD was denied relief under § 550(e) in the Adversary on the same or similar claims.

The Court has considered the Motion, the *"Memorandum of Law in Support of Amended Motion for Entry of Order Determining Entitlement to Allowance of Claim for Administrative Expenses Pursuant to § 503(b) of the Bankruptcy Code by Interested Party, Miami River Development, LLC"* (CP# 832), the *"Omnibus Response of Chapter 11 Trustee to (a) Memorandum of Law in Support of Amended Motion for Entry of Order Determining Entitlement to Allowance of Claim for Administrative Expenses Pursuant to § 503(b) of the Bankruptcy Code by Interested Party, Miami River Development, LLC; (b) Interested Party, Miami River Development, LLC's Motion for Leave to Amend; and (c) Amended Motion for Entry of Order Determining Enti-*

*tlement to Allowance of Claim for Administrative Expenses Pursuant to § 503(b) of the Bankruptcy Code by Interested Party, Miami River Development, LLC"* (CP# 879). The Court has also considered the record in the Adversary, considered the argument of counsel, and reviewed the applicable law. For the reasons set forth below, all of the claims described in the Motion, except for the marine equipment rent claim, fail as a matter of law based upon findings of fact and rulings of law in the Adversary denying relief to MRD under § 550(e).

### Procedural and Factual Background

A. In October 1999, Consolidated Yacht Corporation (the "Debtor") accepted an assignment of a lease on certain real property located at 2051 NW 11th Street, Miami, Florida (the "Real Property").

B. In May 2000, the Debtor executed a purchase option contained in the lease to purchase the Real Property.

C. The Debtor fraudulently transferred the right to purchase the Real Property to MRD (the "Fraudulent Transfer").

D. MRD purchased the Real Property on May 3, 2001.

E. MRD funded the purchase of the Real Property with a bank loan from Peninsula Bank (the "Mortgage").

F. The Mortgage included an additional line of credit intended to fund certain MRD business activities (the "Line of Credit").

G. Some months later, MRD allegedly purchased certain marine equipment with the Line of Credit.

H. Thereafter, MRD began to collect rent from the Debtor and other tenants on the Real Property.

I. On September 10, 2002, the Debtor filed the instant chapter 11 case.

J. On May 28, 2003, Alan L. Goldberg was appointed chapter 11 trustee.

K. The Trustee filed an adversary proceeding against MRD (the "Adversary")[1] that sought to recover the fraudulent transfer of the Real Property. See Counts I and II of "Plaintiff's Second Amended Complaint" (the "Complaint" and MRD ADV CP# 101).

L. The Adversary also sought to recover rents that MRD collected during its fraudulent ownership of the Real Property. See Count V of the Complaint.

M. MRD counterclaimed for rent it claimed was owed to MRD. See Counterclaim in "Answer, Affirmative Defenses to Second Amended Complaint and Counterclaim" (the "Counterclaim" and MRD ADV CP# 114).

N. The Trustee then moved to dismiss the Counterclaim (the "Motion to Dismiss" and MRD ADV CP# 129).

O. After a trial on the merits, this Court entered an Amended Judgment (MRD ADV CP# 412) and Amended Findings of Fact and Conclusions of Law ("Amended Findings") and (MRD ADV CP# 411), in favor of the Trustee, which among other things:

1. Ruled that MRD received the Real Property through a fraudulent transfer;

2. Directed MRD to transfer the Real Property to the Debtor; and

3. Ordered that MRD was not entitled to a lien on the Real Property or the

---

1. The adversary is styled *Goldberg v. Miami River Development, LLC,* Case No. 03–1439– BKC–RAM–A.

Amended Judgment for any purpose under 11 U.S.C. § 550(e) because MRD was *not* a good faith transferee.

P. The foregoing findings were affirmed on appeal.

Q. The Trustee has sold the Real Property for $12,900,000. The amounts remaining from the sale constitute the vast majority of the proceeds in the estate.

### Discussion

■ In the Motion, Miami River Development, LLC ("MRD") seeks allowance as an administrative expense of six (6) categories of expenses under 11 U.S.C. § 503(b). Those categories include the following:

(1) The alleged payment by MRD of environmental remediation expenses;

(2) The alleged payment by MRD of insurance premiums;

(3) The alleged payment by MRD for capital improvements;

(4) The alleged payment by MRD of a second mortgage on the Real Property;

(5) The alleged payment by MRD of a first mortgage on the Real Property; and

(6) Unpaid post-petition rent for use of certain marine related equipment by the Debtor.

Categories (1) through (5) are expenses related to alleged improvement to, or preservation of, estate property. Categories (2) and (5) were specifically raised and rejected by this Court in the Adversary in the context of a claim under 11 U.S.C. § 550(e). Categories (1), (3), and (4) were not raised, but should have been raised, in the Adversary as claims under 11 U.S.C. § 550(e).

Section 550 provides that an estate may recover the full value of an avoided transfer because § 550 is designed and intended to return the bankruptcy estate to the financial position that it would have been in had the fraudulent transfer never occurred. *Morris v. Kansas Drywall Supply Company, Inc., (In re Classic Drywall, Inc.),* 127 B.R. 874, 876 (D.Kan.1991). One component of that analysis is § 550(e), which permits the recipient of the fraudulent transfer to recover monies it expended to preserve the transferred property, if, and only if, the transferee accepted the transfer in good faith. Section 550(e) makes sense from an equitable perspective because § 550 is intended to return the debtor to the position it would have been had the transfer not occurred—not to return it to a better position.

■ Section 550(e) is the exclusive means by which a transferee in a fraudulent conveyance case can assert claims for preservation of an estate or estate property. *See Feltman v. Warmus (In re American Way Service Corp.),* 229 B.R. 496 (Bankr.S.D.Fla.1999). In *Warmus,* the court looked to § 550 to determine the extent of a trustee's rights to recover fraudulently transferred property and the transferee's rights to assert claims for preserving or improving the fraudulently transferred property. In footnote 114, the court discussed the right of a transferee to recover the value of its improvements. The court concluded that the right exists only under § 550(e) and then only to the extent that the transferee accepted the transfer in good faith. *Id.* at 531 n. 114. The court then determined that the transferee in that case did not accept the transfers at issue in good faith. As in *Warmus,* this Court has already found that MRD did not accept the transfer of the Real Property in good faith thereby eliminating MRD's right to assert claims under § 550(e).

MRD asserts that despite the adverse ruling of this Court in the Adversary denying it relief under § 550(e), it should still be able to seek administrative expenses treatment under § 503(b) on the same claims raised by MRD in the Adversary. MRD's position is inconsistent with a plain reading of the statute and public policy. Section 550(e) provides the mechanism by which a recipient of a fraudulent transfer can assert claims for benefitting and preserving a bankruptcy estate, which claims must be predicated upon the good faith nature of the underlying transfer. It makes no sense to allow a transferee to seek the same recovery under § 503(b). To do so would circumvent the good faith transferee requirement of § 550(e), which is designed to prevent a bad faith transferee from profiting from his fraud. This purpose would obviously not be served it a bad faith transferee could assert claims under § 503(b) even though such claims were asserted and denied under § 550(e).

The facts in this case prove the point. If MRD had proved it was a good faith transferee, its claims would have been a lien on the Real Property under § 550(e) and paid from the proceeds when the Real Property was sold. Having lost in the Adversary, allowing administrative expense treatment for these same or similar claims would provide this bad faith transferee the identical recovery it is not entitled to, namely, payment from the proceeds of the Real Property sale. These statutory provisions cannot be read to allow this obviously inequitable and unintended result.

■ Finally, it is a fundamental tenet of statutory interpretation that when two statutes address the same issue, it is the more specific statute that controls. *See, e.g., Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384–385, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)(stating "it is a commonplace of statutory construction that the specific governs the general"). That is the case here where Section 550(e) specifically addresses the ability of a recipient of a fraudulent transfer to seek reimbursement for improvements it made to fraudulently transferred property and establishes a good faith requirement for such reimbursement. As a more general statutory provision, § 503(b) is trumped by § 550(e) for situations like this one where § 550(e) specifically applies. In sum, since § 550(e) is the exclusive means by which the recipient of a fraudulent transfer may recover for improvements to, or the preservation of, fraudulently transferred property, and because MRD had the opportunity to litigate its rights under § 550(e), and did so in the Adversary, MRD's claims in the Motion under categories (1) through (5) must be denied.

Category (6) is an expense related to rent of equipment that is allegedly owned by MRD, and that allegedly benefitted the estate. This claim appears to be inconsistent with prior testimony by MRD's principal stating that no rent was charged for use of the equipment. Nevertheless, the Court is reserving ruling on the category (6) claims and setting a further hearing on this issue.

Based on the foregoing findings and the reasons set forth on the record, it is

**ORDERED** as follows:

1. The Motion is denied in part. The expenses described in categories (1) through (5) are not entitled to administrative priority under 11 U.S.C. § 503.

2. The Court reserves ruling on MRD's entitlement to allowance as an administrative expense of the marine equipment rent described in category (6) above. The Court will conduct a prehearing conference on *March 8, 2006* at *2:00 p.m.*, at the U.S. Bankruptcy Court, 51 S.W. First Avenue,

Courtroom 1406, Miami, Florida 33130, on this remaining rent claim. No later than March 1, 2006, MRD shall file and serve a Supplement to its Motion specifically setting forth the amount of rent it claims is due for each piece or category of equipment and the factual basis for the amount of rent claimed.

3. For purposes of facilitating an initial distribution to creditors, and without finding that MRD will be entitled to any of the rent described in category (6), the Court finds that MRD's marine equipment rent claim, if allowed, will be no greater than $400,000, which amount the Trustee shall reserve until the claim is determined.