### In re CLASSIC DRYWALL, INC., a/k/a Hutchinson Drywall, Debtor.

### J. Michael MORRIS, Trustee, Plaintiff,

### v.

### KANSAS DRYWALL SUPPLY COMPANY, INC. and Pioneer Materials, Inc., Defendants.

Bankruptcy No. 88–11204.
Adv. No. 88–0256.
No. 90–1066–C.

United States District Court, D. Kansas.

May 29, 1991.

**876**

Mark J. Lazzo, Klenda, Mitchell, Austerman & Zuercher, Wichita, Kan., for trustee.

Stanley R. Juhnke, Hutchinson, Kan., for debtor.

William F. Kluge, III, Lambdin, Kluge & Zacharias, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on appeal of the bankruptcy court's journal entry of judgment filed January 24, 1990, in the adversary proceeding. In particular, the bankruptcy court entered judgment against defendant Pioneer Materials, Inc. ("Pioneer") in the amount of $30,280.08 representing the value of debtor's property taken by Pioneer within ninety days of the bankruptcy filing. Pioneer appeals from this ruling which this court will refer to as the preferential transfer ruling. The bankruptcy court also held that the debtor's payments to the defendant Pioneer qualified as payments made according to the ordinary course of business and, therefore, were excepted from the preference rule under 11 U.S.C. § 547(c)(2). The trustee cross appeals from this ruling which this court will refer to as the preferential payment ruling. The issues advanced in Pioneer's appeal will be addressed first.

The bankruptcy court's findings of fact are accepted on appeal unless clearly erroneous, and its legal determinations are reviewed *de novo. In re Branding Iron Motel, Inc.,* 798 F.2d 396, 399–400 (10th Cir.1986). Though some evidence may support it, a finding of fact is clearly erroneous if the appellate court has the definite and firm conviction that a mistake has been committed after reviewing the entire record. *In re Hart,* 923 F.2d 1410, 1411 (10th Cir.1991).

### PREFERENTIAL TRANSFER

The debtor, Classic Drywall, Inc. ("Classic"), was in the drywall business, and its primary supplier of materials for commercial jobs was Pioneer. Approximately six days before Classic filed for bankruptcy, Pioneer took from Classic's warehouse all inventory items that Pioneer believed it could have sold to Classic. At that time, Classic owed Pioneer in excess of $40,000 for purchases of material on credit. The bankruptcy court found that Pioneer's ostensible repossession was an avoidable preference pursuant to 11 U.S.C. § 547 and awarded judgment in favor of trustee for $30,280.08, representing the value of the property taken. Pioneer appeals contending: (1) the bankruptcy court erred in awarding the trustee the value of the property instead of ordering the return of the actual property; and (2) the bankruptcy court erred in not following and enforcing the parties' stipulation on the value of the property.

Section 550(a) provides in pertinent part:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section ... 547, ..., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> (1) the initial transferee of such transfer....

Section 550(a) is intended to restore the estate to .the financial condition it would have enjoyed if the transfer had not occurred. *In re Brown,* 118 B.R. 57, 60 (Bankr.N.D.Tex.1990); *Matter of Blackburn,* 90 B.R. 569, 573 (Bankr.M.D.Ga. 1987). The statute provides no guidance on when the bankruptcy court should permit the trustee to recover the actual property or should order the payment of the property's value. *In re International Ski Service, Inc.,* 119 B.R. 654, 656 (Bankr.W.D. Wis.1990); 4 L. King, *Collier on Bankruptcy* ¶ 550.02 n. 6 (15th ed. 1985). Courts have filled this gap using divergent methods.

Some courts have said the statute gives a preference to the return of property unless it would be inequitable to do so. *In re General Industries, Inc.,* 79 B.R. 124, 135 (Bankr.D.Mass.1987); *In re Morris Communications NC Inc.,* 75 B.R. 619 (Bankr.

W.D.N.C.1987), *rev'd on other grds.*, 914 F.2d 458 (4th Cir.1990). This approach finds some support in the language of § 550(a) and the history behind it. Section 60(b) of the Bankruptcy Act allowed the recovery of value only when the property had been converted. While this limitation is gone, § 550(a) lists first the recovery of property and then permits the recovery of value only upon the order of the court. But see 2 W. Norton, *Norton Bankruptcy Law and Practice* § 36.03 at 3–4 (1981) ("It is doubtful, however, that a preference for recovery of the property was intended.")

Other courts have simply read § 550(a) as placing in the court's discretion the choice between return of the property and an award of its value. *In re First Software Corp.*, 107 B.R. 417, 423 (D.Mass. 1989); *In re Vedaa*, 49 B.R. 409, 411 (Bankr.D.N.D.1985).

■ There are some common circumstances in which the courts have chosen one remedy over the other. When the record is devoid of evidence on the property's market value, courts have ordered the property to be returned. *In re King Arthur Clock Co., Inc.*, 105 B.R. 669, 672 (Bankr.S.D.Ala.1989); *In re Vann*, 26 B.R. 148, 149 (Bankr.S.D.Ohio 1983). When conflicting evidence exists on the value of the transferred property, judicial economy has been promoted by not deciding value in favor of returning the property. *In re General Industries, Inc.*, 79 B.R. at 135; *In re Morris Communications NC Inc.*, 75 B.R. at 629. Where the property is unrecoverable or its value diminished by conversion or depreciation, courts will permit the recovery of value. *In re First Software Corp.*, 107 B.R. at 423; *In re International Ski Service, Inc.*, 119 B.R. at 658. Yet another circumstance for awarding the value is when the value is readily determinable and a monetary award would work a savings for the estate. *In re International Ski Service, Inc.*, 119 B.R. at 659. The court there said:

> The cases finding a statutory preference for the return of the property under the language of Section 550(a) are not compelling when the value of the property is

so easily determined. It is within the sound discretion of the court whether to order recovery of the property or its value. Certainly, the term "for the benefit of the estate" in Section 550(a) guides the court in exercising its discretion. Presumably, the recovery of the estate will be enlarged by eliminating both the expenses of administering a sale and the risk of obtaining a lower price at the sale.

*Id.*

■ The present case does not clearly fall within any of these general rules. The value of the property is contested and subject to conflicting evidence. The property is not subject to depreciation. Both factors suggest the property should be returned. On the other hand, there is even a contest over the quality and quantity of the property actually taken by Pioneer. By the time of trial, Pioneer had sold a portion of the property. Combining the weight of these last two factors, the court can find no abuse of discretion in the bankruptcy court's decision to award the value of the property instead of the return of the property.

■ Pioneer's next issue is that the bankruptcy court erred in not applying the parties' purported stipulation on the value of the property. This court has reviewed the record on appeal and finds no error. At best, the letter from Pioneer's counsel was a conditional acceptance. Months after the stipulation was purportedly entered into, the parties agreed on a pretrial order that included an issue of fact and the parties' respective contentions on the value of the property taken. The parties' conduct hardly evidences any stipulation of fact. Furthermore, Pioneer did not state as a contention or issue of fact in the pretrial order that the court should enforce any alleged stipulation on value. Finally, Pioneer has failed to show the bankruptcy court clearly erred in finding Mr. Dickinson's testimony on the value of the property taken was credible. Pioneer is denied all relief requested in its appeal.

## PREFERENTIAL PAYMENT

The trustee filed an adversary action to avoid as preferences certain payments made by Classic to Pioneer within ninety days of the bankruptcy filing. On stipulated facts, the bankruptcy court found the payments were preferences that were not voidable by reason of the ordinary business exception. The trustee appeals arguing Pioneer failed to show Classic's payments were "subjectively ordinary" between Classic and Pioneer and "objectively ordinary" in the drywall supply industry.

■ This court fully discussed in a related bankruptcy appeal the ordinary business exception in the context of late payments by Classic to Kansas Drywall Supply Company, Inc., the other material supplier named as a defendant in the trustee's adversary action. *In re Classic Drywall, Inc.*, 121 B.R. 69 (D.Kan.1990). In regards to the standard of review, the court therein noted that the determinations of whether a payment was made in the ordinary course of business and in accordance with ordinary business terms were questions of fact, while the interpretation of § 547(c)(2) was a question of law. 121 B.R. at 71. This court also addressed the controlling law on each of the elements to a § 547(c)(2) exception. In particular, the court distinguished what must be shown for element § 547(c)(2)(B), ordinary course of dealing between the parties, and for element § 547(c)(2)(C), ordinary industry practice. 121 B.R. at 74 n. 1, 75–77. The court has considered the additional arguments advanced in the present appeal but adopts the discussion of the law as it appears in its order on the earlier appeal.

■ The trustee has not shown a clear error in the bankruptcy court's findings that the payments in question were made in the ordinary course of business between Classic and Pioneer. Late payments are not *per se* outside the parties' ordinary business practice. 121 B.R. at 76–77. The evidence of record sufficiently shows a regular and consistent pattern of Classic's late payments, Pioneer's acceptance of those payments, and Pioneer's additional sales on credit to Classic. The fact that some of the payments were not as late as others does not preclude a finding that the parties transacted business within some reasonable and ascertainable ranges or boundaries. Nor does an interest charge on a late payment change the result. "Ordinary business terms often allow payment but impose a penalty. If the drafters of the exception had intended it [§ 547(c)(2)] to apply only to payments made on or before the due date, the requirement could easily have been made explicit." *In re White*, 64 B.R. 843, 850 (Bankr.E.D.Tenn.1986).

Turning next to the issue whether the payments were objectively ordinary, this court explained the law in its prior order as follows:

Whether a transfer was "made according to ordinary business terms" 11 U.S.C. § 547(c)(2)(C), is an objective determination. *In re SPW Corp.*, 96 Bankr. [683] at 687; [(Bankr.N.D.Tex.1989)] *In re Magic Circle Energy Corp.*, 64 Bankr. [269] at 272. [(Bankr.W.D.Okla.1986)] The court here compares and contrasts the particular transaction against the "practices" or "standards" of the industry. *In re Yurika Foods Corp.*, 888 F.2d [42] at 45. [(6th Cir.1989)] A transaction is objectively ordinary if it does not deviate from industry norm but does conform to industry custom.... If an accepted or common practice of the industry, it is an "ordinary business term."

121 B.R. at 75. Despite Pioneer's arguments to the contrary, the court adopts its reasoning and ruling on the requirement that the transaction be objectively ordinary in the industry.

■ In the present appeal, the bankruptcy court expressly rejected the trustee's contention that the payments must be objectively ordinary or, in other words, consistent with the payment terms generally used in the drywall supply industry. From the bench, the bankruptcy court explained its ruling:

The creditor, Pioneer Materials, received payments made by Classic, and I believe there is substantial support for the prior course of conduct of the parties the year before. The Court does not feel that in

this case, in the event that extension of credit terms beyond some established pattern is important at all. I'm sure that in this particular industry, although there is no testimony about it, and I'm not ruling that any testimony about it was required, I'm sure there is quite a number of times in this industry where the credit terms are extended by suppliers in this situation. I don't think that there is any doubt but what these are ordinary-course type transactions to satisfy that part of the statute. So the Court rejects the plaintiff's contention that there should be any objective standard, I believe it's called, and rules in favor of the defendant on that issue.

The bankruptcy court erred in not applying an objective industry test to the payments at issue.[1] Since there is no evidence to show the late payments fall within the objective standards of the drywall industry, the reviewing court has no choice but to reverse the finding that the payments were excepted from the preference rule by virtue of the ordinary course of business exception in § 547(c)(2). The parties did stipulate that the amount of Classic's preference payments to Pioneer totalled $16,268.06. Consequently, the court will enter judgment in favor of the trustee on its claim of preference payments against the defendant Pioneer in the amount of $16,268.06.

IT IS THEREFORE ORDERED that the bankruptcy court's order of January 24, 1990, is affirmed as to all issues and contentions raised in the appeal of Pioneer Materials, Inc.

IT IS FURTHER ORDERED that the same order of the bankruptcy court is reversed on the cross appeal brought by the trustee, and judgment is entered in favor of the trustee on its preference payment claim against defendant Pioneer Materials, Inc. in the amount of $16,268.06.

1. The bankruptcy court issued its order before this court filed its decision in *In re Classic* *Drywall, Inc.,* 121 B.R. 69 (D.Kan.1990).