In re Delwin J. WALKER and Billie Janiece Walker, Debtors.

L.D. FITZGERALD, Trustee, Plaintiff–Appellee,

v.

FIRST SECURITY BANK OF IDAHO, N.A., Defendant–Appellant.

No. 94–36182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 1995.

Decided Feb. 26, 1996.

Craig W. Christensen, Pocatello, Idaho, for defendant-appellant.

Jim Spinner, Kay E. Moore, Service, Gasser & Kerl, Pocatello, Idaho, for plaintiff-appellee.

Before: NELSON and JOHN T. NOONAN, Jr., Circuit Judges, TANNER,[*] District Judge.

NOONAN, Circuit Judge:

This case presents a straightforward question which has given rise to a split in the federal circuit courts: in bankruptcy, does the Bankruptcy Code's definition of when the transfer is perfected trump state law as to when a transfer is perfected?

We answer the question affirmatively, as has the Fifth Circuit, *Matter of Hamilton*, 892 F.2d 1230 (5th Cir.1990) but contrary to *In re Hesser*, 984 F.2d 345 (10th Cir.1993), which followed *In re Busenlehner*, 918 F.2d 928 (11th Cir.1990). A split exists as well among the bankruptcy courts of this circuit. *In re Loken*, 175 B.R. 56, 61 (9th Cir. BAP 1994) (concluding that "varying grace periods provided for under state law are irrelevant." *Id.* at 64.) We agree with the BAP, the Fifth Circuit and the district court in this case.

## FACTS

On July 3, 1992 Delwin J. Walker and his wife Billie Janiece (the Walkers) bought a 1989 Taurus Ford from Ted's, Inc. in Poca-

[*] The Honorable Jack E. Tanner, Senior District Judge, for the Western District of Washington, sitting by designation.

tello, Idaho. The car carried Florida plates. The purchase price was $10,013.50, of which $9,042.18 was to be paid with interest in 48 monthly installments. The Walkers executed a security agreement on the car in favor of Ted's, Inc. The automobile dealer, also on July 3, assigned its security interest to First Security Bank of Idaho, N.A. (the Bank). The Walkers took physical possession of the car.

On July 6, Ted's, Inc. sent the title documents by regular mail to the Idaho Department of Motor Vehicles (the department). There was a mistake (a "4" instead of a "U" in the motor identification number) that the department caught by comparing the Florida papers with the new papers submitted in Idaho. The papers were returned to Ted's, Inc. for correction. The papers arrived again at the department, and on July 17 the Bank's security interest in the car was recorded.

Less than two months later, on September 2, 1992 the Walkers filed for bankruptcy. At this point they owed $8,957.18 on the car. L.D. Fitzgerald, the trustee in bankruptcy, (the Trustee) auctioned the car off for $4,835 on June 26, 1993. The Bank's lien, if any, attached to these proceeds. The Trustee denied that the Bank had a perfected security interest.

## PROCEEDINGS

On January 26, 1993 the Trustee began the present adversary proceeding in the bankruptcy court to void the Bank's lien as a preference under 11 U.S.C. §§ 544 and 547(b). The bankruptcy court entered judgment for the Trustee. On appeal by the Bank, the district court affirmed the bankruptcy court. The Bank appeals to us, contending that Idaho law gave it 30 days in which to perfect the lien. In the course of oral argument the Trustee waived his state-law objections to the perfection of the lien, permitting us to focus on the federal issue.

## ANALYSIS

■ The Bank has two points in its favor: First, the property interests on which bankruptcy acts are regularly the rights recog-

nized by state law. *Nobelman v. American Savings Bank*, 508 U.S. 324, 329, 113 S.Ct. 2106, 2110, 124 L.Ed.2d 228 (1993). Second, Idaho Code 49–510 provides as to automobile liens: "A lien is perfected as of the time of its creation if the transaction is notarized and if the filing is completed with the department or an agent of the department within thirty (30) calendar days thereafter." The Idaho law thus gives thirty days to perfect an automobile lien and to have the perfection of the lien relate back to the date the security interest was created. In this way glitches such as occurred in this case do not prove fatal and a generous length of time is given to automobile dealers to do paper work which often, as here, involves documentation for out-of-state used cars. The Idaho statute has a sensible purpose. In this case its application would validate the Bank's lien.

■ Unfortunately for the Bank's case, what " 'constitutes a transfer and when it is complete' is a matter of federal law." *Barnhill v. Johnson*, 503 U.S. 393, 397, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992), *quoting McKenzie v. Irving Trust*, 323 U.S. 365, 369–70, 65 S.Ct. 405, 407–08, 89 L.Ed. 305 (1945). Congress provided when a federal bankruptcy court is to determine what constitutes a voidable transfer for bankruptcy purposes. In relevant part the Bankruptcy's Code provides that a trustee may avoid a transfer made within 90 days of the bankruptcy petition for the benefit of a creditor on account of an antecedent debt that enables the creditor to receive more than if the transfer had not been made. 11 U.S.C. § 547(b). The Code goes on to specify that for purposes of this section a transfer is made "at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time." § 547(e)(2)(A). The Code gives 10 days, not 30, in which to perfect a transfer. In bankruptcy, the Code trumps the law of the state. The Bank's lien was not perfected in 10 days. The state's relation-back provision cannot save it.

It is objected that the bankrupt's estate is unfairly enriched by the proceeds of the sale of the car. The reasons for the result are the error made by Ted's, Inc. as to the

identification number and the lack of a credit check that would have found the Walkers on the verge of bankruptcy. It is not unfair that these failures should work against the responsible party or its financing institution. If 10 days is too short a period, as the auto dealers believe, their remedy is with Congress, which, in fact, in 1994, enlarged the grace period to 20 days, Publ. 103–394, effective Oct. 22, 1994, codified at 11 U.S.C. § 547(c)(3)(B) and § 547(e)(2)(A), giving a wider latitude to auto dealers and financing institutions in future transactions.

**AFFIRMED.**