_____

No. 96-1430
_____

In re:  Denise Renee Beasley,          *
                                       *
          Debtor,                      *
                                       *
--------------------                   *
                                       *  Appeal from the United States
Richard V. Fink, Trustee,              *  District Court for the
                                       *  Western District of Missouri.
          Appellee,                    *
                                       *          [UNPUBLISHED]
     v.                                *
                                       *
Fidelity Financial Service, Inc.,*
                                       *
          Appellant.                   *


_____

Submitted:  October 30, 1996

Filed:  November 27, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Fidelity Financial Services, Inc. ("Fidelity") appeals the district
court's affirmance of the bankruptcy court's[1] order setting aside
Fidelity's lien on the debtor's car as a voidable preference.  The
bankruptcy court's ruling depended on its conclusion that state relation-
back statutes are inapplicable to preference-avoidance analysis under 11
U.S.C. § 547(c)(3)(B).  This is an issue of first impression in this
circuit.  In agreement with

_____

[1]The Honorable Ortrie D. Smith, United States District Judge
for the Western District of Missouri, affirming the decision of
the Honorable Frank W. Koger, Chief Judge, United States
Bankruptcy Court for the Western District of Missouri.

the position of the Ninth Circuit, we now hold that state relation-back periods do not apply to section 547 analysis.

Section 547(b) of the Bankruptcy Code ("Code") allows a trustee in bankruptcy to avoid certain prepetition payments and transfers of a debtor's property as "preferential transfers."  Not all preferential transactions are voidable under section 547(b), however.  As relevant here, section 547(c)(3)(A) provides an exception for interests securing new value.  Section 547(c)(3)(B) allows a creditor a twenty-day grace period in which to perfect an interest securing new value and thereby protect the interest from the trustee's preference-avoidance powers.

Under section 547(e)(1)(B), "a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee."  Under Missouri law, if an interest in a vehicle is perfected within thirty days of the purchase, the perfection will be considered effective as of the date of purchase.  Mo. Rev. Stat. § 301.600.2 (1994).  According to the parties' stipulation, Fidelity fulfilled state requirements for perfecting its interest in the car twenty-one days after debtor purchased it.  The issue in this case is whether Missouri's thirty-day relation-back statute applies in determining whether Fidelity perfected its interest within the grace period provided by the Code.

The Ninth Circuit has concluded that state-law relation-back periods are inapplicable to preference-avoidance analysis.  In re Loken, 175 B.R. 56, 61 (B.A.P. 9th Cir. 1994), cited with approval in Fitzgerald v. First Sec. Bank of Idaho (In re Walker), 77 F.3d 322, 322 (9th Cir. 1996).  The court reasoned that the Code's unambiguous definition of perfection required it to determine at what point a judicial lienholder is barred from obtaining rights superior to those of a transferee.  175 B.R. at 61-62.  It held

that such a bar arises "when the transferee takes the last step required by state law to perfect its security interest," and until then, "it is not possible to say that other creditors `cannot' obtain superior rights." Id. at 62. The court concluded that determining perfection without reference to state grace periods is consistent with Congress's desire to have "a uniform rule throughout the country." Id. at 62-63.

We find this reasoning persuasive. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.