**In re James Richard TROUT and Jennifer Dagmar Trout, Debtors.**

**Simon E. Rodriguez, Chapter 7 Trustee, Plaintiff,**

**v.**

**Drive Financial Services LP, Defendant.**

**Bankruptcy No. 08–10187 ABC.**
**Adversary No. 08–1244 ABC.**

United States Bankruptcy Court, D. Colorado.

Aug. 29, 2008.

**870**

Geoffrey H. Atzbach, Colorado Springs, CO, for Debtors.

David Wadsworth, Denver, CO, for Plaintiff.

Robert J. Curtis, Irvine, CA, for Defendant.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

A. BRUCE CAMPBELL, Bankruptcy Judge.

This matter is before the Court on the Motion for Partial Summary Judgment (the "Motion") filed by Plaintiff/Trustee, Simon Rodriguez ("Trustee") and the Response filed by Defendant, Drive Financial Services LP ("Defendant"). The Court, having reviewed the file and being otherwise advised in the premises, finds as follows:

Federal Rule of Civil Procedure 56(c), which is made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288 (10th Cir.1991).

The Defendant does not controvert any of the following facts listed in the Trustee's Motion as undisputed: On or about October 16, 2007, the Debtors purchased and received possession of a 2004 Dodge Ram 1500 with VIN 1D7HU18D54S727221 (the "Vehicle"). The Vehicle was financed with a loan from Defendant. Debtors granted a security interest in the Vehicle to Defendant to secure the purchase money loan, but Defendant's lien was not noted on the Certificate of Title to the Vehicle until December 10, 2007, 55 days after the purchase. Debtors filed their Chapter 7 bankruptcy on January 8, 2008, 29 days after Defendant's lien was perfected.

The Trustee was appointed as Chapter 7 trustee in the Debtors' case. He brought this adversary proceeding seeking to avoid, as a preference under 11 U.S.C. § 547(b), the transfer of Defendant's lien against the Vehicle which was untimely perfected. Under § 547(e)(2)(B), such transfer was made, for purposes of avoidance as a preference, at the time the lien was perfected. The prayer in the Trustee's Complaint seeks the following relief: (1) avoidance of Defendant's lien on the Vehicle (First Claim for Relief); (2) recovery of the value of the avoided lien as of the petition date (Second Claim for Relief); (3) preservation of the lien for the benefit of the estate (Third Claim for Relief); and (4) recovery of pre-petition payments made by the Debtors to Defendant (Fourth Claim for Relief). On August 8, 2008, on the Trustee's separate motion, the Court dismissed the Trustee's Fourth Claim for Relief. In his current Motion,

the Trustee seeks partial summary judgment on the remaining three claims for relief.

Defendant has raised no disputed issue with regard to the facts material to the elements of the Trustee's claim to avoid Defendant's lien as a preference under 11 U.S.C. § 547(b). As a matter of law, a transfer avoided under § 547(b) is automatically preserved for the benefit of the estate under 11 U.S.C. § 551. Defendant does not contest the Trustee's right to a judgment on these claims, and the Court will enter partial summary judgment against Defendant on the Trustee's First and Third Claims for Relief.

■ The only dispute in this case is whether the Trustee, having avoided and automatically preserved Defendant's lien, is also entitled to a judgment against Defendant for the value of the Defendant's lien under 11 U.S.C. § 550(a). Preservation of and recovery of avoided transfers are two separate remedies provided in separate sections of the Bankruptcy Code. Preservation of an avoided transfer under § 551 happens automatically.[1] Recovery of property or its value following avoidance of a transfer may or may not come into play,[2] and where it does the court must determine, in its discretion, whether the recovery should be of the property transferred, or, in the alternative, its value.

■ The essential purpose of either preservation or recovery of an avoided transfer is to place the estate in the position it would have been if the avoided transfer had not been made. Where, as here, the Trustee avoids only a non-possessory transfer of a lien interest, the preservation of that lien interest for the benefit of the estate is sufficient to place the estate in exactly the same position it would have been in, but for the granting of the lien. There is, under these circumstances, no need for the Trustee to "recover" any property or its value. *See, Suhar v. Burns (In re Burns),* 322 F.3d 421, 427–28 (6th Cir.2003); 2 D. Epstein, S. Nickles, and J. White, *Bankruptcy,* § 6–80 at 205–06 (1992).

A persuasive argument can be made, and in fact was made by the Sixth Circuit in the *Burns* case, that where a nonpossessory interest in property (e.g., a lien) is avoided, § 550(a), with its remedies of recovery of the property or its value, is simply inapplicable and unavailable to the trustee: "when a nonpossessory interest in property is avoided, there is nothing left to recover." *In re Burns, supra* at 429, quoting *Yoppolo v. Liberty Mortgage (In re Morgan),* 276 B.R. 785, 792 (Bankr.N.D.Ohio 2001). After a transfer is avoided, the reference in § 550(a) to allowing the trustee to "recover ... the property transferred, or ... the value of such property ...." simply does not fit in circumstances where the avoidance in question is of a lien. Although many courts have done so,[3] applying this language to cre-

1. 11 U.S.C. § 551 is entitled "**Automatic preservation of avoided transfer**," and provides that, "[a]ny transfer avoided under section ... 547 ... of this title ... is preserved for the benefit of the estate but only with respect to property of the estate."

2. Section 550(a) is worded in permissive, not mandatory, language. It says, "... to the extent that a transfer is avoided ... the trustee *may* recover ...." (emphasis supplied).

3. The Court is mindful that its decision is directly in conflict with the Ninth Circuit Bankruptcy Appellate Panel's recent holding in *USAA Fed. Svgs. Bank v. Thacker (In re Taylor),* 390 B.R. 654 (9th Cir. BAP 2008). In *Taylor* the court allowed the trustee an $18,020 judgment under § 550(a) for the value of the secured lender's avoided lien. The principal rationale offered for this "flexible" application of § 550(a) remedies is that it was necessary to restore the estate to the position

ate in a trustee a further remedy following avoidance of a lien both tortures the plain meaning of the language of § 550(a) and allows a potential windfall to the estate. If the avoided transfer was the granting of a lien, the lien under § 551 is "automatically" preserved for the estate. It makes no sense to say, in turn, under § 550(a) the "trustee may recover ... the property transferred [i.e. the lien] or the value of [the lien]." If the lien, once avoided, has automatically been preserved for the estate under § 551 and become property of the estate under § 541(a)(4),[4] how could § 550(a) contemplate the trustee would "recover the property transferred" or its value? By operation of §§ 551 and 541(a)(4), he already has obtained the property transferred. Were the trustee then allowed to "recover the value of [the lien]" (a rather strained use of the English language, itself) from the creditor/transferee who first held it, the estate would, in some circumstances, obtain a windfall, placing it in better stead, with respect to depreciating collateral such as a motor vehicle, than would be the case if the avoided transfer had never been made by the debtor in the first place—an anomalous result at best.

Leaving the consequences of lien avoidance to § 551 alone, and allowing a trustee

the recovery remedies of § 550(a) only where possessory interests in property are avoided, eliminates the strained application of these two sections of the Bankruptcy Code that the Trustee seeks in requesting judgment against Defendant for the value of the lien he has avoided pursuant to § 547(b).

Accordingly, as a matter of law, on the undisputed facts of this case, the Trustee is not entitled to judgment on his Second Claim for Relief and the Court will dismiss that claim. It is, therefore,

ORDERED that the Trustee's Motion for Partial Summary Judgment on his First and Third Claims for relief is GRANTED, and judgment shall enter in favor of the Trustee, avoiding Defendant's lien on the 2004 Dodge Ram 1500, VIN 1D7HU18D54S72722, under 11 U.S.C. § 547(b), and preserving the lien for the benefit of the estate under 11 U.S.C. § 551; it is

FURTHER ORDERED that the Trustee's Motion for Partial Summary Judgment on his Second Claim for Relief is DENIED and the Trustee's Second Claim is hereby DISMISSED.

---

it would have enjoyed had there been no voidable transfer at all. The *Taylor* trustee waited 17 months following the filing of the case to institute avoidance litigation while the vehicle in question declined in value by $5,260. To restore the loss resulting from this delay, the *Taylor* court found it appropriate to grant judgment under § 550(a) against the lender for the value of the collateral at the time the case was filed. This appears to assume that, had the voidable transfer not been made, the automobile that was the collateral would not have depreciated in value. In so applying § 550(a), the *Taylor* court noted that, "[t]his remedy allowed the [lender] to retain its security interest on the car along

with its contract rights against the debtors." 390 B.R. at 662. In reaching this conclusion, *Taylor* simply disregards § 551's express mandate that "any transfer avoided under section ... 547 ... is preserved for the benefit of the estate." Also unclear is what is accomplished by allowing the lender to retain its presumably *discharged* contract claim against the debtor.

4. 11 U.S.C. § 541(a)(4) provides that the bankruptcy estate includes, "[a]ny interest in property preserved for the benefit of ... the estate under section ... 551 of this title."