**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

In re: JAMES RICHARD TROUT and
JENNIFER DAGMAR TROUT, FKA
Jennifer Dagmar Sommer,

     Debtors.

     _____

SIMON E. RODRIGUEZ, Trustee

     Plaintiff-Appellant,

v.

DRIVE FINANCIAL SERVICES, L.P.,

     Defendant-Appellee.

_____

In re: PAUL B. BREMER and
SUZANNE M. BREMER, also known as
Suzanne Marie Bremer, formerly known
as Suzanne Marie Buckley, formerly
known as Suzanne Marie Crow,

     Debtors.

     _____

SIMON E. RODRIGUEZ, Trustee

     Plaintiff-Appellant,

No. 09-1332

No. 09-1334

v.

DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS LLC,

Defendant-Appellee.

_____

**Appeal from the Bankruptcy Appellate Panel for the Tenth Circuit**
**(BAP Nos. 08-080-CO and 08-081-CO)**

David V. Wadsworth, Sender & Wasserman, Denver, Colorado, for Plaintiff-Appellant.

Jack L. Smith, Holland & Hart, and Stephen P. Hale, Hale Dewey & Knight, Memphis, Tennessee, (Stephen G. Masciocchi and Rochelle N. Rabeler, with him on the brief), for Defendants-Appellees.

Before **BRISCOE**, Chief Judge, **HAWKINS**[*] and **O'BRIEN**, Circuit Judges.

**HAWKINS**, Senior Circuit Judge.

In these consolidated cases, the bankruptcy trustee ("Trustee") appeals from a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's determination that, having successfully avoided a preferential vehicle lien under 11

---

[*] The Honorable Michael Daly Hawkins, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

2

U.S.C. § 547,[1] the Trustee was not entitled to a money judgment equal to the value of the avoided liens under § 550(a). The bankruptcy court and the BAP held that the bankruptcy estate had been sufficiently returned to its pre-transfer status by avoiding the preferential lien and stepping into the lien priority of the avoided creditor under § 551. We affirm.

**FACTS AND PROCEDURAL HISTORY**

The facts of both cases are similar and straightforward. In each case, the debtors purchased a vehicle with a loan, but the lender appellees did not perfect their liens within 30 days after the debtors received possession, resulting in their liens being perfected and considered a "transfer" within 90 days of the debtors' petition dates. *See* § 547(b)(3), (e)(2)(B). Thus, the Trustee filed adversary actions against the lenders, seeking (1) avoidance of the lien under § 547, (2) recovery of the value of the avoided lien as of the petition date under § 550(a), (3) preservation of the lien for the benefit of the estate under § 551, and (4) recovery of pre-petition payments made by the debtors to the lenders under § 547.[2]

---

[1] Unless otherwise noted, all section references are to 11 U.S.C. and "Code" refers to the Bankruptcy Code.

[2] Although in the complaint the Trustee appears to seek *both* the lien *and* a monetary award of the value of the lien, the Trustee acknowledges on appeal that under § 550(d)—which permits only a single recovery—it cannot receive both and acknowledges it would have to abandon the § 551 preserved lien if it obtained a monetary award for the value of that lien under § 550.

3

The lenders and Trustee settled the claim for pre-petition payments, and it was dismissed. The Trustee then sought summary judgment on the remaining three claims. The lenders did not contest the Trustee's ability to avoid the lien and preserve it for the benefit of the estate, and thus the court granted summary judgment to the Trustee on the first and third claims. This appeal therefore focuses on the availability of § 550(a) relief; specifically, whether in these circumstances, such relief is required (the Trustee's position), permissive but only with respect to possessory property interests (the bankruptcy court's view), or permissive with respect to both possessory and non-possessory interests, but unnecessary on these facts (the view of the BAP).

The bankruptcy court compared the remedies available in § 550 (recovery of property or its value) and § 551 (automatic preservation of avoided transfer for benefit of the estate) and concluded that in cases where the transfer is of a nonpossessory lien interest, "the preservation of [the] lien interest for the benefit of the estate is sufficient to place the estate in exactly the same position it would have been in, but for the granting of the lien. There is, under these circumstances, no need for the Trustee to 'recover' any property or its value." *Rodriguez v. Drive Fin. Servs. LP* (*In re Trout*), 392 B.R. 869, 871 (Bankr. D. Colo. 2008); *Rodriguez v. DaimlerChrysler Fin. Servs Americas, LLC* (*In re Bremer*), 392 B.R. 873, 875 (Bankr. D. Colo. 2008). The bankruptcy court denied summary judgment on the Trustee's second claim for relief and dismissed the claim.

4

The cases were consolidated on appeal, and the BAP affirmed the bankruptcy court, though on a slightly different basis. The BAP agreed with the bankruptcy court that recovery under § 550 was not mandatory but permissive. But the BAP did not consider relief under § 550 and § 551 to be mutually exclusive and declined to hold that relief under § 550 was completely unavailable in the case of nonpossessory lien interests. Rather, the BAP recognized that although ordinarily lien avoidance and preservation under § 551 will be sufficient, there may be circumstances in which § 547 and § 551 will not put the estate back to its pre-transfer position, and then some recovery under § 550 could be appropriate. *See In re Bremer*, 408 B.R. 355, 358-360 (10th Cir. BAP 2009).

Nonetheless, the BAP concluded that, on the facts of this case, the bankruptcy court did not abuse its discretion by determining that the avoidance/preservation remedy was sufficient. The BAP noted that the lenders, as secured creditors, had contractual rights against the vehicle, and that by avoiding the lien interest (which then became preserved for the estate), the Trustee succeeded to those rights, but no more and no less. The BAP noted that although the value of the security interest (the vehicle) may have declined, the Bankruptcy code does not guarantee that assets recovered would be worth what they were at any relevant valuation date, only that the estate will be returned to its pre-transfer position. *Id.* at 360-61.

This appeal followed.

5

**STANDARD OF REVIEW**

We review the legal conclusions of the bankruptcy court and BAP de novo, *Fowler Bros. v. Young* (*In re Young*), 91 F.3d 1367, 1370 (10th Cir. 1996), and we review discretionary decisions for an abuse of discretion, *see Armstrong v. Rushton* (*In re Armstrong*), 304 B.R. 432, 435 (10th Cir. BAP 2004).

**DISCUSSION**

Several bankruptcy code provisions work together to protect the bankruptcy estate from preferential transfers made within ninety days of filing the bankruptcy petition. First, under § 547, the trustee may avoid "any transfer of an interest of the debtor in property." Once avoided, that transfer is automatically preserved for the estate under § 551, which provides: "Any transfer avoided under section . . . 547 . . . is preserved for the benefit of the estate but only with respect to property of the estate." In the case of an avoided security interest or lien, as here, § 551 ensures that a trustee avoiding a senior lien moves into that priority position and the estate is not trumped by the interest of a junior lien. *See Morris v. St. John Nat'l Bank* (*In re Haberman*), 516 F.3d 1207, 1210 (10th Cir. 2008).

In addition to these remedies, 11 U.S.C. § 550 (a) also provides:

> [T]o the extent a transfer is avoided under section . . . 547 . . . the trustee may recover, for the benefit of the estate, the property transferred or, if the court so orders, the value of such property.

6

The Trustee argues that the bankruptcy court *must* award the estate some relief

under § 550, either return of the property or a monetary award of the value of the

property. The bankruptcy court concluded that § 550 recovery is permissive rather than

mandatory, and that § 551 and § 550 are mutually exclusive provisions, with § 551

applying to nonpossessory lien interests and § 550 applying only to possessory property

interests. The BAP concluded that § 551 is automatic and usually sufficient to restore the

estate's pre-transfer position, but that there may be circumstances involving

nonpossessory liens in which the Trustee is also entitled to permissive recovery under §

550(a). As we explain more fully below, we believe the BAP has the better argument in

light of the statutory language and the underlying purposes to be served by these

provisions. In addition, the BAP's position is the most consistent with the opinions of

other circuits who have considered the issue.

The bankruptcy court and BAP correctly noted that under § 551, the transferred

lien was automatically "preserved for the benefit of the estate," whereas recovery under §

550 is not automatic and requires action by the trustee. *See* §§ 551, 550(f); *see also*

*Suhar v. Burns* (*In re Burns*), 322 F.3d 421, 427-28 (6th Cir. 2003). The courts also

correctly concluded that the language in § 550 is permissive rather than mandatory: if a

transfer is avoided under § 547, "the trustee *may* recover" the transferred property or its

value. As the BAP explained:

7

> The word "may" is generally used in the permissive or discretionary sense. Use of the word "may," rather than "shall" or "must" next to the word "recover" denotes that recovery is not mandatory.

408 B.R. at 359. The Sixth Circuit reached the same conclusion in *In re Burns*, commenting that the language of § 550 is "permissive rather than mandatory (the trustee 'must' recover) or descriptive (the trustee 'thereby' recovers)." 322 F.3d at 428*; see also USAA v. Thacker* (*In re Taylor*), 599 F.3d 880, 890 (9th Cir. 2010) ("A trustee, however, has the discretion to seek an alternative remedy under § 550 ('the trustee *may* recover . . .')").

The Trustee argues, however, that the bankruptcy court *must* award the estate some recovery under § 550(a), whether it is a return of the property (in this case, the lien) or the property's value. The Trustee claims that § 551 is only a priority statute, rather than a remedial one, and thus even with non-possessory liens, some further action under § 550 is required. While § 551 does prevent junior lienholders from leap-frogging the estate in the event a senior lien is avoided, this does not mean that § 551 does nothing remedial for the estate. As we explained in *In re Haberman*, upon avoidance of a lien, under § 551 the trustee "steps into the shoes of the former lienholder, with the same rights in the collateralized property that the original lienholder enjoyed." 516 F.3d at 1210. Thus, as we discuss further below, in situations in which avoidance of the lien and its preservation for the estate are sufficient to make the estate whole, the trustee may not need to seek

8

recovery under § 550, or, stated differently, relief under § 550 (to wit, return of the property) might be simply duplicative of what the trustee has already received through § 547 and § 551.

In arguing that § 550(a) relief is mandatory, the Trustee also relies on an Eighth Circuit decision, *Halverson v. Le Sueur State Bank* (*In re Willaert*), 944 F.2d 463 (8th Cir. 1991), in which the court held that once a transfer is avoided:

> the court must fix the transferee's liability under section 550(a). Although the bankruptcy court has discretion under section 550(a) to remedy a preferential transfer by ordering either the property or its value returned to the bankruptcy estate, the court does not have discretion to order neither remedy.

*Id.* at 464.

Although this quotation literally supports the Trustee's argument, the context in which it was written is quite distinguishable. There, the avoided interest was a preferential mortgage, *but the real estate had already been sold and the mortgage fully satisfied. Id.* Thus, there was no remaining lien to be "preserved" for the estate under § 551, and the court simply had no occasion to discuss whether relief under § 550 might be unnecessary in light of § 551 under different circumstances. Rather, the bankruptcy court had believed its hands were tied since the property and lien were gone, and the Eighth Circuit reversed because the lower court had failed to recognize it could have awarded the *value* of the avoided interest under § 550 instead. *Id.* Indeed, as we discuss

9

below, the BAP here specifically recognized this factual scenario as a situation in which §

551 will be insufficient to compensate the estate and recovery under § 550(a) available

instead.  *See* 408 B.R. at 360.

Our conclusion that § 550 recovery is permissive rather than mandatory does not

end our inquiry.  We must also consider whether § 550 relief is available at all in the case

of nonpossessory liens such as those involved in this case.  The bankruptcy court drew a

bright line, reasoning that because § 551 automatically preserved an avoided lien for the

estate, § 550 must apply only in the context of possessory property interests; in other

words, relief pursuant to the two provisions must be mutually exclusive.[3]

The bankruptcy court's interpretation, however, is unduly restrictive and

contradicted by other Code provisions.  The Code itself contains no explicit

possessory/nonpossessory distinction between § 550 and § 551.  A lien interest is

---

[3]  The bankruptcy court reasoned:

If the avoided transfer was the granting of a lien, the lien under § 551 is
"automatically" preserved for the estate.  It makes no sense to say, in turn, under §
550(a) the "trustee may recover the property transferred [i.e. the lien] or the value of
[the lien]."  If the lien, once avoided, has automatically been preserved for the estate
under § 551 and become property of the estate under § 541(a)(4), how could § 550(a)
contemplate the trustee would "recover the property transferred" or its value? . . .
Leaving the consequences of lien avoidance to § 551 alone, and allowing a trustee the
recovery remedies of § 550(a) only where possessory interest in property are avoided,
eliminates the strained application of these two sections of the Bankruptcy Code. . . .

*In re Trout*, 392 B.R. at 872-73; *In re Bremer*, 392 B.R. at 875-76

"property" under the Code, *see* §§ 547(b), 541(a), and § 550 permits recovery of transferred "property" or its value. In addition, § 545—which exclusively covers avoidability of statutory *liens*—is included in the class of statutes to which § 550(a) applies, which would make little sense if § 550(a) applied only to *possessory* interests.

Rather, as the BAP and several other courts to consider the issue have recognized, § 550(a) provides the bankruptcy court with flexibility to fashion a remedy so as to return the estate to its pre-transfer position. The provision indicates the trustee may recover the property, or, if the court so orders, the value of the transferred property instead. As the BAP here noted, *ordinarily* in the case of an avoided lien, the estate will be returned to its previous position by simply avoiding the preferential lien and no further recovery will be necessary, but there may be circumstances where that remedy will be insufficient and recovery under § 550 needed instead. 408 B.R. at 359-60; *see also In re Burns*, 322 F.3d at 427 (noting that "the trustee's remedy of recovery is necessary only when the remedy of avoidance is inadequate" and that in cases involving nonpossessory creditors, "trustees will *generally* not have to seek recovery" under § 550) (emphasis added); *In re Taylor*, 599 F.3d at 890-91 (approvingly quoting the BAP's decision in this case and agreeing that § 550 gives the court discretion whether to award recovery, which type of recovery to award, and that there could be circumstances in which § 551 would be inadequate to restore the bankruptcy estate to its pre-transfer position).

11

The BAP identified several circumstances in which lien avoidance/preservation under §§ 547/551 could be inadequate and a bankruptcy court could, in its discretion, order monetary recovery of the value of the property under § 550(a) instead. The BAP cited as an example *Tidwell v. Chrysler Credit Corp.* (*In re Blackburn*), where a lien on the debtor's pickup truck was avoided, but the dealer had, prior to the petition, repossessed the vehicle and sold it to a good faith purchaser. 90 B.R. 569, 573 (Bankr. M.D. Ga. 1987). Because avoidance and preservation of the lien was no longer a viable option in that case, the court awarded the value of the vehicle under § 550.[4] The BAP went on to identify other possible situations in which the court might properly award the value of the transferred property under §550(a):

> Over the years, courts have decided that recovery of property or its value is appropriate in various other circumstances. When the record is devoid of evidence on the property's market value or when conflicting evidence exists on the value of the transferred property, courts have ordered the property to be returned. Where the property is unrecoverable or its value diminished by conversion or depreciation, courts will permit the recovery of value. Another circumstance for awarding the value is when the value is readily determinable and a monetary award would work a savings for the estate.

408 B.R. at 360 (citations omitted); *see also Morris v. Kan. Drywall Supply Co., Inc.* (*In re Classic Drywall, Inc.*), 127 B.R. 874, 877 (D. Kan. 1991) (discussing same factors).

---

[4] Note that this approach is also consistent with that taken by the Eighth Circuit in *In re Willaert*, which ordered § 550 recovery where the real estate securing an avoided mortgage had been sold. 944 F.2d at 464.

The Trustee alternatively argues that although the BAP correctly identified a number of factors to consider in whether to award the recovery of property versus its value, it failed to then properly evaluate the circumstances of this case against those factors. Specifically, the Trustee contends it should have been awarded the value of the lien because the collateral securing the lien has depreciated in value. We disagree.

"Bankruptcy courts have consistently held that 11 U.S.C. § 550 is designed to restore the estate to the financial condition that would have existed had the transfer never occurred." *See Official Comm. of Unsecured Creditors v. Citicorp N. America, Inc.* (*In re TOUSA, Inc.*), 422 B.R. 783 (Bankr. S.D. Fla. 2009) (citation omitted). The "property" that was transferred here was the perfected security interest. The Trustee makes a number of arguments and hypotheticals based on the declining value of the *collateral,* but the vehicle itself was never transferred.[5] The bankruptcy estate would have had an asset which was declining in value *regardless* of whether the debtor transferred the lien during the preference period. Rather, by virtue of the transferred security interest, a creditor obtained a leg-up over unsecured creditors in the impending bankruptcy; when that lien

[5] We note that the cases cited by the BAP involving depreciation as a consideration in awarding monetary relief under § 550(a) also involved transfers of physical property and not security interests. *See First Software Corp. v. Computer Assoc. Int'l, Inc.* (*In re First Software Corp.*), 107 B.R. 417, 423-24 (D. Mass. 1989); *Gennrich v. Mont. Sport, U.S.A., Ltd.* (*In re Int'l Ski Serv., Inc.*), 119 B.R. 654, 658 (Bankr. W.D. Wis. 1990); *see also In Re Classic Drywall, Inc.*, 127 B.R. at 876.

13

was avoided and preserved for the benefit of the estate, that creditor had to take its place with the general unsecured creditors, and, having obtained § 547 and § 551 relief, the Trustee gained priority over any junior liens on the same collateral.

As the cases discussed above recognize, there may be situations in which the avoidance of the lien will not suffice to restore the estate to a pre-transfer situation, especially when the collateral securing the lien is gone or the lien itself has been paid in full. *See, e.g.*, *In re Blackburn*, 90 B.R. at 573; *In re Haberman*, 516 F.3d at 1208-09. However, as the BAP here reasoned, the Code "does not guarantee that assets recovered will be worth what they were at any relevant valuation date;" it only ensures that the estate will be back in the same place as if the transfer had not occurred. 408 B.R. at 361. Certainly, depending on the passage of time, the collateral may have devalued, but that would have happened even if the debtor had never transferred the security interest. *See In re Haberman*, 347 B.R. 411, 417 (10th Cir. B.A.P. 2006) ("[T]here is always a risk that any great delay in the recovery of collateral may result in diminution of its value. That, however, is a risk that any creditor would have, and the Trustee should not be elevated to a higher position."), *aff'd* 516 F.3d 1207 (10th Cir. 2008).[6] Moreover, as the BAP here

---

[6] We recognize that the time it takes to avoid the security interest could result in additional devaluation. In cases involving some inordinate delay, then there could conceivably be reason to award value to compensate for the decline that occurred in the interim. Though not entirely clear, this notion seems to be at play in the Ninth Circuit's recent decision *In re Taylor*, in which nearly two years elapsed between the filing of the

suggested, unlike a trustee who lacks access to the collateral because it has been physically transferred, if a trustee seeking to avoid a preferential security interest were concerned about serious depreciation, the trustee could likely protect itself by selling the collateral and holding the proceeds in escrow while waiting for the adversary proceeding to be resolved (and thereby minimizing the need to resort to § 550(a) for protection).  408 B.R. at 361;  *see also* 11 U.S.C. § 363.[7]

Moreover, as other courts have also recognized, the language of § 550 (a) suggests that the default rule is the return of the property itself, whereas a monetary recovery is a more unusual remedy to be used only in the court's discretion.  Section 550(a) indicates that a trustee may recover "the property, *or if the court so orders*, the value of the property transferred." (emphasis added); *see Terry v. Meredith* (*In re Meredith*), 367 B.R.

---

bankruptcy petition and the court finding the transfer avoidable (the trustee there waited seventeen months before seeking avoidance).   599 F.3d at 886-87.  The Ninth Circuit suggested that a monetary award under § 550 was not an abuse of discretion because of the depreciating asset *and* because the lien had been paid down in the interim, but ultimately reversed the award under § 550 because "the value of the security interest at the time of the filing of the bankruptcy petition [was] not readily ascertainable" from the record. *Id.* at 891-92.

[7] Although the Trustee expresses doubt that it could protect itself in this manner, this skepticism appears based on scenarios not present in this case, such as if the debtor had entered into a reaffirmation agreement and was making payments to the lender, or if the lender had a complete defense to the avoidance action.  We express no opinion on factual circumstances other than those before us, but note that in future cases, the bankruptcy court, in its discretion, will be able to consider the myriad of factors and determine whether a monetary award might be more appropriate in other instances.

15

558, 563 (Bankr. E. D. Va. 2007) ("This language evinces a Congressional preference that the property itself be returned to the estate, the value of the property being an alternative only available by court order."); *see also Asarco LLC v. Americas Mining Corp.,* 404 B.R. 150, 162-63 (Bankr. S.D. Tex. 2009); *Gen. Indus., Inc. v. Shea* (*In re Gen. Indus., Inc.*), 79 B.R. 124, 135 (Bankr. D. Mass. 1987), *superseded by statute on other grounds*, Mass. Gen. Laws ch. 109A § 3; *In re Vedaa*, 49 B.R. 409, 411 (Bankr. N.D. 1985).

Even if a bankruptcy court could, in its discretion, award the value of the lien in the circumstances presented here, this does not establish that it is *required* to do so; the choice of a § 550 remedy remains in the court's discretion. *See In re Classic Drywall, Inc.*, 127 B.R. at 877 (no abuse of discretion where factors cut both ways and court decided award of value was appropriate). Here, the Trustee has presented no compelling reason to deviate from the default rule of returning the transferred property itself, and the bankruptcy court did not abuse its discretion by concluding that the avoidance of the lien was sufficient and declining to order a monetary recovery.

Before the transfer of the security interest here, the estate had a depreciating asset and an obligation to an unsecured creditor. After the transfer, the estate still had the asset but a creditor had a secured priority interest in that asset. After avoidance of the lien, the estate once again had a depreciating asset and an unsecured obligation to the lender.

16

Thus, as the BAP and the bankruptcy court concluded, on these facts, nothing more was required to put the estate back in its pre-transfer position.

AFFIRMED.