**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP Nos.  CC-16-1341-TaKuL |
| ) | CC-16-1342-TaKuL |
| BRENNON TY BISHOP and ) | (related) |
| MICHELLE BISHOP, ) | |
| ) | Bk. No.  2:12-bk-1600-RK |
| Debtors. ) | |
| _____ ) | Adv. No.  2:12-ap-01302-RK |
| ) | |
| FEDCHEX, LLC; FEDCHEX ) | |
| RECOVERY, LLC; ED ARNOLD; ) | |
| RODNEY DAVIS, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| ELECTRONIC FUNDS SOLUTIONS, ) | |
| LLC, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on June 22, 2017
at Pasadena, California

Filed – August 23, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Robert N. Kwan, Bankruptcy Judge, Presiding

Appearances:    Louis H. Altman of Haberbush & Associates LLP
                argued for appellants.

Before:   TAYLOR, KURTZ, and LAFFERTY, Bankruptcy Judges.

---

   [*]  This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Thirteen years after litigation commenced and following a thirteen day trial, the bankruptcy court entered judgment largely in favor of defendant-appellants FedChex, LLC, FedChex Recovery, LLC, Ed Arnold, and Rodney Davis. Appellants escaped liability on claims based on alleged fraudulent or preferential transfers. But the bankruptcy court also determined that they received unauthorized postpetition transfers of estate property; it thus concluded that the plaintiff could recover the transferred property.

On appeal, Appellants contend that the bankruptcy court erred in three respects: first, by awarding plaintiff the transferred property; second, by excluding the testimony from an individual they characterize as their rebuttal expert witness; and third, by not entering judgment in favor of Mr. Arnold and Mr. Davis on all theories.

We disagree. Appellants provide an incomplete record on appeal, sometimes misstate the record they do provide, concede the bankruptcy court's factual findings, and fail to challenge the bankruptcy court's legal conclusions adequately.

We AFFIRM.

**FACTS**

Near the beginning of its 92-page memorandum decision, the bankruptcy court noted the complex and convoluted facts of this case. Appellants, however, concede that the facts, for purposes of these appeals, are undisputed and are as set forth by the bankruptcy court. We take them at their word.

In early 2000, Brennon Ty Bishop ("Debtor") and two

2

business acquaintances, Michael Murphy and Michael Barry, formed Electronic Funds Solutions, LLC ("EFS"). EFS was in the business of assisting merchants with electronic funds processing, including electronic collection of bounced checks.

In late 2000 and early 2001, Debtor and Mr. Murphy formed a new company ("EPT") and disassociated from Mr. Barry. Shortly thereafter, Debtor and Mr. Murphy went into business with Mr. Davis and Mr. Arnold (two of the Appellants) and formed two LLCs: FedChex and FedChex Recovery. Mr. Barry eventually sued Debtor, Mr. Murphy, and EPT.

On November 19, 2002, Debtor and his wife, Michelle Bishop, filed a chapter 7[1] bankruptcy petition.[2]

Debtor's bankruptcy filing was a dissolution event under the FedChex and FedChex Recovery operating agreements.[3] Thus, the other LLC members held an emergency meeting and agreed to terminate Debtor's membership interests pursuant to Section 8.1

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Appellants filed a motion to supplement the record and to transmit documentary exhibits. BAP Dkt. No. 10. Most of the documents attached to the motion were already included in Appellants' excerpts of record. That said, to the extent necessary, we **grant** the motion.

of the operating agreements for the LLCs. But they did not take immediate steps in this regard; Debtor's membership interests continued to be reflected in FedChex and FedChex Recovery documents until December 4, 2002 when Debtor sold his remaining interests for $64,000. In this transaction, Debtor waived his right to an appraisal of his membership interest, completed the sale without approval from either the trustee or the bankruptcy court, and received a promissory note. Debtor never received payment on that note.

In 2003, the bankruptcy court granted stay relief to Mr. Barry and EFS to continue their suit against Debtor, Mr. Murphy, and EPT. They eventually obtained a default judgment of more than $30 million.

Also in 2003, Debtor's chapter 7 trustee commenced the present adversary proceeding against a variety of parties. Thereafter, the bankruptcy court entered an order approving the trustee's sale and assignment of substantially all estate assets to EFS. Accordingly, EFS became plaintiff in the adversary proceeding as the trustee's successor-in-interest; the bankruptcy estate, however, retained a contingent interest in a portion of the recovery.

And the adversary proceeding slowly lumbered along. The fourth amended complaint, the operative one, alleged seven claims for relief. As relevant here, the third claim for relief sought avoidance of unauthorized post-petition transfers under § 549 while the fourth sought recovery of avoided transfers under § 550.

Eventually the bankruptcy court found that Plaintiff

4

established a viable claim under § 549 for the unauthorized postpetition transfers of Debtor's 9.12% ownership interest in FedChex for $62,000 and his 2.64% ownership interest in FedChex Recovery for $2,000.

Having determined that Plaintiff had established a § 549 claim, and thus that the transfers were avoidable and recoverable, the bankruptcy court turned to selection of a remedy under § 550. After reciting the relevant law and caselaw, it found that "there was little evidence in the record as to the market value of FedChex and FedChex Recovery in 2002." December 8, 2014 Tentative Amended Memorandum Decision on Plaintiff's Fourth Amended Complaint to Avoid and Recover Intentional and Constructive Fraudulent Transfers and Post-Petition Transfers ("Mem. Dec.") at 90. It noted that Davis stated, in a deposition, that he did not know the values. And, particularly relevant here, the bankruptcy court explained:

> Defendants offered the testimony of Michael Issa, in which Issa offered his opinion on the value of FedChex and FedChex Recovery, but these values were first offered as of October 13, 2004 (valuing FedChex at $1,100,000 to $1,300,000, and valuing FedChex Recovery at $500,000 to $1,000,000). These values are not helpful for the Plaintiff's fourth claim for relief because the court should consider the value at the time of the transfer.

Id. (citation omitted).

The bankruptcy court determined that it would award Plaintiff the property, rather than its value; "[t]hus, Plaintiff shall recover for the benefit of the estate [Debtor]'s 9.12% interest in FedChex and [Debtor]'s 2.64% interest in FedChex Recovery." Id.

The bankruptcy court later entered an order adopting the

5

analysis in the memorandum decision as its final ruling. It clarified:

> To the extent that the court had not specified the nature of Plaintiff's interests in the various FedChex entities as a result of the court's partial ruling in its favor on its avoidance claims, Plaintiff would have an economic interest in those entities based on its claims to recover debtor's interest in those entities unless Plaintiff can show that it should be admitted as a Manager or Member of those entities under the Operating Agreements or applicable state law, which it has not shown.

September 29, 2016 Order Adopting [the Mem. Dec.] as Final Ruling at 3.

The bankruptcy court also entered a separate judgment.

Appellants timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

Whether the bankruptcy court erred in excluding a rebuttal expert witness.

Whether the bankruptcy court abused its discretion by awarding Plaintiff the LLC interests rather than their value.

Whether the bankruptcy court erred by not entering judgment in favor of Mr. Arnold and Mr. Davis.

**STANDARDS OF REVIEW**

We review the bankruptcy court's "evidentiary decisions for abuse of discretion, and 'the appellant is . . . required to establish that the error was prejudicial.' " Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1110 (9th Cir. 2011) (quoting

6

_Tritchler v. Cty. of Lake_, 358 F.3d 1150, 1155 (9th Cir. 2004)); _see also_ _Valdivia v. Schwarzenegger_, 599 F.3d 984, 988 (9th Cir. 2010).

We review the bankruptcy court's choice of remedies, which includes choices under § 550, for an abuse of discretion. _USAA Fed. Sav. Bank v. Thacker (In re Taylor)_, 599 F.3d 880, 890 (9th Cir. 2010).

We apply a two-step test to determine whether the bankruptcy court abused its discretion. First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." _Id._ at 887 (quotation marks and alterations omitted). If the bankruptcy court identified the correct legal rule, "we then determine whether its application of the correct legal standard to the facts was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." _Id._ (quotation marks and alterations omitted).

**DISCUSSION**

On appeal, Appellants' brief lists fifteen issues for appeal, but acknowledges that "[m]any of these issues overlap and for purposes of this Brief, they have been analyzed as three issues." Br. at 7. We consider on appeal only the issues they actually argue. _Pierce v. Multnomah Cty., Or._, 76 F.3d 1032, 1037 n.3 (9th Cir. 1996); _Leer v. Murphy_, 844 F.2d 628, 634 (9th Cir. 1988) ("Issues raised in a brief which are not supported by argument are deemed abandoned."); _cf._ Fed. R. App. P. 28(a)(8).

7

**A.     We treat the facts as undisputed for purposes of this appeal.**

As already noted, we hold Appellants to a concession in their opening brief: "The facts underlying the Appeals are undisputed for purposes of these Appeals, and all of the issues in the Appeals involve solely legal questions . . . ." Br. at 4.

But we acknowledge that Appellants' brief creates some tension in connection with this conclusion. The brief is littered with suggestions that the bankruptcy court "clearly erred" in making a particular finding; in doing so, Appellants refer generally to the entirety of the testimony at trial and the record. We resolve that tension in favor of their concession for two reasons.

First, the statements noting alleged error are followed by an acknowledgment that the alleged error was either harmless or immaterial.

Second, in their excerpts of record, Appellants provide only partial transcripts from three days of the thirteen-day trial. This is insufficient to challenge the bankruptcy court's factual findings. Kritt v. Kritt (In re Kritt), 190 B.R. 382, 387 (9th Cir. BAP 1995) ("The appellants bear the responsibility to file an adequate record, and the burden of showing that the bankruptcy court's findings of fact are clearly erroneous. Appellants should know that an attempt to reverse the trial court's findings of fact will require [that] the entire record relied upon by the trial court be supplied for review." (internal quotation marks and citations omitted)). And the fact

8

that the bankruptcy court docket contains complete transcripts is of no aid to Appellants where they dispute the bankruptcy court's factual conclusions; we are not "obliged to search the entire record, unaided, for error[,]" Tevis v. Wilke, Fleury, Gould & Birney, LLP (In re Tevis), 347 B.R. 679, 686 (9th Cir. BAP 2006), and we certainly are not required to scour the many transcripts outside the record for testimony supporting the Appellants' view of the facts.

Accordingly, we rely on the facts as the bankruptcy court determined them.

**B. The bankruptcy court did not abuse its discretion in excluding Mr. Issa's testimony.**

On appeal, Appellants argue that the bankruptcy court erred "in excluding the rebuttal testimony of Mr. Issa such that this court should remand to the bankruptcy court to consider Mr. Issa's testimony to determine the amount to award to EFS." Br. at 28 (capitalization removed). We disagree.

Mr. Issa submitted two declarations as his proposed testimony at trial. In one declaration, described as his direct testimony, Mr. Issa opined about the LLCs' value in 2004 (the "First Issa Declaration"). In a second declaration, described as rebuttal testimony, Mr. Issa opined about the LLC's value on the petition date (the "Second Issa Declaration"). The bankruptcy court excluded both declarations at different points in time and for different reasons.

In their brief, Appellants conflate these decisions and the two declarations. But when the record is sorted out, it is clear that the bankruptcy court did not err in excluding all of

9

this testimony.

**The bankruptcy court did not err in excluding Mr. Issa's declaratory testimony as untimely.** The bankruptcy court established a date in June of 2009 for submission of testimony through declarations. The Appellants neither argue that the bankruptcy court established a second date for rebuttal testimony nor do they provide us with the relevant transcript in the record. In fact, they concede that both Issa declarations were filed well after the deadline.

Appellants filed the First Issa Declaration in October of 2009. In April 2010, during the trial, the bankruptcy court excluded the First Issa Declaration as untimely. Appellants filed the Second Issa Declaration almost a year late on May 5, 2010, during the middle of the trial. The Court was well within its rights in determining that the Issa Declarations should not be considered as they were untimely and thereby enforcing the requirements of its pretrial procedures. See Lee-Benner v. Gergely (In re Gergely), 110 F.3d 1448, 1452 (9th Cir. 1997).

**We may affirm summarily as the Appellants failed to provide us with an adequate record on appeal.** Appellants primarily complain that the bankruptcy court failed to appropriately consider the Second Issa Declaration. They failed to provide a record that would allow us to adequately consider this issue on appeal.

First, they fail to include the Second Issa Declaration in the record. Appellants thus did not provide us with the evidence that is the foundation for their claim of error.

Second, as already noted, they failed to provide us with

10

all relevant transcripts.

Most importantly, in connection with exclusion of the Second Issa Declaration, the bankruptcy court's order after hearing incorporated its oral ruling by reference; in its oral ruling, which we can review, the bankruptcy court affirmatively adopted a prior tentative ruling. Appellants, however, did not provide the tentative ruling in the record, and we cannot locate it on the bankruptcy court docket. Accordingly, we cannot adequately review the bankruptcy court's decision. Welther v. Donell (In re Oakmore Ranch Mgmt.), 337 B.R. 222, 226 (9th Cir. BAP 2006) ("If a tentative decision is necessary to understanding the court's ruling, it must be included in the designation and the excerpts of the record."); Gertsch v. Johnson & Johnson Fin. Corp. (In re Gertsch), 237 B.R. 160, 169 (9th Cir. BAP 1999); see Ehrenberg v. Cal. State Univ., Fullerton Found. (In re Beachport Entm't), 396 F.3d 1083, 1087-88 (9th Cir. 2005); Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1189 (9th Cir. 2003) (failing to provide a critical document may result in summary affirmance).

**Appellants must demonstrate prejudice from the exclusion of the Issa testimony, but they fail to do so**. To reverse the bankruptcy court on the basis of an erroneous evidentiary ruling, we must conclude that the error was prejudicial. Allstate Inc. Co., 634 F.3d at 1110. The record we have does not support an assertion of prejudice.

Appellants argue that the Issa Declarations would allow the bankruptcy court to value the LLC interests and to award monetary damages instead of a return of the transferred LLC

11

interests themselves. We question this assertion and for various reasons conclude that exclusion of the Issa testimony did not prejudice the Appellants.

As to the First Issa Declaration, the bankruptcy court noted that it was not helpful; among other things, it valued the LLC interests well after the transfer date. For that reason, it was irrelevant to the bankruptcy court's valuation determinations as of the transfer date. The Appellants' arguments are confusing, but they implicitly acknowledge this fact; despite sweeping language, their focus is on the Second Issa Declaration.

At the hearing, shortly after the bankruptcy court stated that it was excluding the First Issa Declaration, Appellants' counsel asked about Mr. Issa's rebuttal testimony. The bankruptcy court allowed a later offer of proof regarding rebuttal testimony and stated that it would rule on it later.

Appellants subsequently filed a motion and the offer of proof; the matter was fully briefed and set for hearing. At the hearing, the bankruptcy court stated that it read the late-filed Second Issa Declaration but found that it would not be helpful because:

- "It's really disguised argument";
- "It's just taking whatever the witness testified at trial and is just offering rebutting arguments";
- "I don't see how there's any expertise that Mr. Issa is providing"; and
- "he's just giving commentary on the testimony and he's not a fact witness."

12

AP Dkt. No. 716, Hr'g Tr (June 2, 2010) 4:25-5:5. The bankruptcy court, in short, concluded: "[S]o I would hold that . . . Mr. Issa's testimony would not be helpful to the Court. It would not assist the trier of fact, and it was filed untimely." Id. at 5:24-6:2. The bankruptcy court thus decided to "adopt its tentative ruling as its order". Id. at 6:9-13.

Appellants argue as if submission of Mr. Issa's Rebuttal Testimony would have been a *fait accompli*: the bankruptcy court would have found his testimony credible and helpful and would have adopted it. This notion is fanciful; the bankruptcy court did review the Second Issa Declaration and for a variety of reasons found it neither helpful nor compelling. Appellants do not dispute this point; thus, they fail to demonstrate any prejudice in relation to the Second Issa Declaration, and the bankruptcy court did not abuse its discretion in excluding it.

**The Second Issa Declaration was not true rebuttal testimony.** The purpose of rebuttal testimony "is to explain, repel, counteract[,] or disprove evidence of the adverse party." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006) (internal quotation marks omitted) (citing cases). To the extent labels matter here, we agree with the implicit determination of the bankruptcy court: the Second Issa Declaration does not appear to be true rebuttal testimony. Thus, it was properly excluded because "[i]t is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected . . . ." Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984).

On appeal, Appellants argue that Mr. Issa provided proper

13

rebuttal testimony on one central point: the LLCs' value.[4]  And, the Second Issa Declaration discussed, in part, the value of the LLCs on the petition date; he opined that they were worth nothing.

But Appellants miss the point.  Plaintiff did not need to establish the LLCs' value on the transfer date to prevail on its § 549 and § 550 claims for relief.  Thus, it was incumbent on Appellants to present evidence of value if they wanted to argue that Plaintiff should only recover the monetary value of the transferred property.  They did not do so in their case in chief; having failed to do so, they cannot properly remedy the defect through rebuttal.[5]

---

[4]  Appellants raise a second, irrelevant point: "Mr. Issa was a relevant rebuttal or impeachment witness as to issues or claims. . . that either the ownership interest of Mr. Davis was misstated . . . or that Mr. Davis did not contribute everything noted on Exhibits 140-145."  Br. at 32.  This testimony was relevant to the fraudulent transfer claims, not the § 549 and § 550 claims involved in this appeal.

[5]  We also note reluctantly that Appellants seriously misstate the record in connection with this point.  Appellants argue:

When the bankruptcy court issued its order sustaining Plaintiff's Objection to the Trial Declaration of Michael Issa, and ordering the preclusion of any evidence from Mr. Issa, . . . . no trial date had been set, and there was no prejudice at all for Plaintiff to take the offer made by Defendants' counsel in October of 2008 to depose the expert[] . . . .  There was no issue of delaying a trial, requesting a continuance, forcing a continuance, or any other prejudice.  The real issue was Plaintiff's attempt to achieve an overwhelming strategic advantage by using a clever tactic.  That advantage was not warranted.

(continued...)

14

**And despite Appellants' convoluted and conflated arguments, they appear to have waived any argument in relation to the Second Issa Declaration.** The bankruptcy court decided not to accept the Second Issa Declaration into evidence at the June 2, 2010 hearing; Appellants completely fail to discuss this hearing or to address the bankruptcy court's analysis. True, they discuss the April 28, 2010 order; but they never explain how or argue that the June 2, 2010 decision was wrong. They thus waived any argument on the point, and we can affirm on that ground. See Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (appellate courts "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief").

Accordingly, we find no merit to Appellants' argument that the bankruptcy court erred in its April 28, 2010 order by excluding the rebuttal testimony of Mr. Issa; it did no such thing. Because Appellants do not argue that the June 2, 2010 order was in error, we affirm.

---

[5](...continued)
Br. at 34-35. At best, this is misleading.

First, Appellants' record citation is to an April 28, 2010 order entered after the ninth day of a thirteen day trial. Their analysis is thus inapt.

Second, the next day of trial had already been set for May 6, 2010. Again, their argument is wrong.

Third, the bankruptcy court sustained the timeliness objection to the First Issa Declaration; it did not bar Mr. Issa's testimony for other reasons. More directly, the bankruptcy court did not exclude the Second Issa Declaration on that date.

In sum, the April 28, 2010 order was in the middle of trial and did not preclude Mr. Issa from testifying in rebuttal.

15

**C.    The bankruptcy court did not abuse its discretion in awarding Plaintiff the property transferred instead of the value of the property.**

In this appeal, no one directly questions the bankruptcy court's determination that there was a § 549 unauthorized postpetition transfer of estate property.  We now turn to the remedy.

Section 550(a) provides that "to the extent that a transfer is avoided under section . . . 549 . . ., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court orders, the value of such property . . . ."  11 U.S.C. § 550(a).  As the bankruptcy court observed, the Code "does not provide guidelines by which the court is to determine whether the Plaintiff recovers the property itself . . . or the monetary value of those interests."  Mem. Dec. at 89.  Section 550's purpose "is to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred."  Decker v. Tramiel (In re JTS Corp.), 617 F.3d 1102, 1111 (9th Cir. 2010) (quotation marks omitted) (citing Acequia Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 812 (9th Cir. 1994)); Aalfs v. Wirum (In re Straightline Invs., Inc.), 525 F.3d 870, 883 (9th Cir. 2008).  "The primary goal is equity and restoration, i.e., putting the estate back where it would have been but for the transfer."  In re JTS Corp., 617 F.3d at 1111 (quotation marks omitted) (quoting 5 Collier on Bankruptcy § 550.02[3][a] at 550-10 (Alan N. Resnick & Henry J. Sommer 16th Ed.)) (also citing other sources).

Thus, here, the question is whether the bankruptcy court abused its discretion when it decided to award the transferred

16

property itself, instead of the value of the property transferred. Cf. In re Taylor, 599 F.3d at 890 (considering opposite situation).

"It is well established that in deciding to award an estate the value of property, a bankruptcy court must decide whether there is conflicting evidence as to the value of the property and whether the value of the property is readily determinable." Id. at 892 (internal quotation marks and citation omitted). But "[w]here the value of the property cannot be easily or readily determined — as is the case here — the correct remedy is to return the property, not award an estimate of the value of the property." Id. at 892.

On appeal, Appellants correctly state that nonbankruptcy law defines the scope of the bankruptcy estate's property interests. They then try to frame the remedy issue in that light: the bankruptcy estate (i.e., Plaintiff) was entitled to only what Debtor was entitled to and no more. Because Debtor's interest was defined by the LLCs' operating agreements, Appellants argue that the bankruptcy court erred when it did not enforce those operating agreements:

• When a member withdraws, the LLCs need only pay the withdrawing member the balance in that member's capital account. That is the withdrawing member's only remedy.

• Debtor's bankruptcy filing was a dissolution event for both LLCs. Accordingly, the LLC members met. They agreed to continue business. And they agreed to purchase Debtor's remaining interests in the LLCs.

• Debtor's capital accounts contained a combined $50,000

17

balance. As a result, Debtor, and thus the bankruptcy estate, was entitled to only $50,000.

• By awarding Plaintiff the Debtor's economic interest in the LLCs, instead of $50,000, the bankruptcy court erred.

This is perplexing.[6] Appellants never directly engage with the bankruptcy court's legal conclusion; they approach it only by various traverses. What's more, put slightly differently, Appellants argue that state law limited the bankruptcy court's choice of remedy on a bankruptcy claim for relief.

First, Appellants' attempt to retreat to state law must fail; the Code is not silent on the point.[7] It speaks directly to unauthorized postpetition transfers of estate property; they are avoidable. 11 U.S.C. § 549. When they are avoidable, the trustee may recover the property itself or, if the court so orders, the value of that property. 11 U.S.C. § 550. Accordingly, we are in the bankruptcy law world.

Second, Appellants fail to explain why an award of the LLC interests expands rights under the LLCs. If the Debtor's rights

---

[6] Our review of the adversary docket shows that Appellants raised a similar argument early in the case. AP Dkt. No. 156 at 2 ("By the Motion Movants seek an order limiting judgment on the avoidance claims to an award of the value of the property interests rather than for the recovery of actual property interests."). It was opposed. The bankruptcy court denied the motion. AP Dkt. No. 184. Again, Appellants do not refer to this motion or the bankruptcy court's order.

[7] Appellants quote Mortgage Guaranty Insurance Corporation v. Pascucci (In re Pascucci): "Where the Bankruptcy Code is silent, and no uniform bankruptcy rule is required, the rights of the parties are governed by the underlying non-bankruptcy law." 90 B.R. 438, 442 (Bankr. C.D. Cal. 1988).

18

were limited as they discuss, it is unclear how the rights of the estate or its transferee would be expanded as a result of a § 550 recovery of the economic value of the interest.

Finally, they fail to explain how the award of the LLC interests constituted error given the facts of the case and the latitude allowed by the Code. The bankruptcy court had two possible remedies after determining that unauthorized post-petition transfers existed. Because there was little evidence in the record about the market value of FedChex and FedChex Recovery on the relevant date, the bankruptcy court awarded the property itself, not its value. This was appropriate given the questions as to value, but it would also have been appropriate even if value were more clear. In re Taylor, 599 F.3d at 892. Cf. Trout v. Drive Fin. Servs. (In re Trout), 609 F.3d 1106, 1113 (10th Cir. 2010) ("Moreover, as other courts have also recognized, the language of § 550(a) suggests that the default rule is the return of the property itself, whereas a monetary recovery is a more unusual remedy to be used only in the court's discretion.").

In any event, having concluded that Appellants have not shown any error in the bankruptcy court's exclusion of Mr. Issa's testimony, we also conclude that the bankruptcy court did not clearly err in determining that there was little evidence in the record about the LLCs' value on the petition date. Appellants point to no other evidence of value. Accordingly, the bankruptcy court did not misapply the correct legal standard or otherwise abuse its discretion in this

19

respect.[8]

**D.  The bankruptcy court did not err by not entering judgment in Mr. Davis and Mr. Arnold's favor and indicating that they were prevailing parties.**

Last, Appellants argue that the bankruptcy court erred by not entering judgment in favor of Mr. Arnold and Mr. Davis and indicating that they were prevailing parties on all claims brought against them.  Appellants had submitted a judgment that included that language; the bankruptcy court struck that language when it entered the final judgement.

Appellants claim that the bankruptcy court only ordered recovery against the LLCs and that no recovery was granted against any individual defendant.  They ask us to either amend the judgment or remand so the bankruptcy court may make separate findings of fact and conclusions of law about Mr. Davis and Mr. Arnold.  They state: "More importantly, no statements in the Memorandum Decision even suggest the bankruptcy court believed Mr. Arnold and Mr. Davis were liable to EFS for any of the claims for relief."  Br. at 45.

We disagree.  First, the bankruptcy court found that Debtor "sold his remaining interests in FedChex and FedChex Recovery to

---

[8]  At oral argument, Appellants' counsel suggested that there were "regulatory" issues raised when the bankruptcy court awarded the LLC interests and not their value.  They, however, did not raise this in their opening brief; it is also not clear if they raised it below — in our review of the underlying docket (admittedly not exhaustive), we have not seen a similar argument.  Both of these failures waive the argument.  See Padgett, 587 F.3d at 986 n.2; Samson v. W. Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 872 n.12 (9th Cir. 2012) (appellate court may decline to address argument not raised before bankruptcy court).

20

the remaining members of the LLCs." Mem. Dec. at 21. Mr. Arnold and Mr. Davis were two of the remaining members. Second, and contrary to Appellants' statement otherwise, the bankruptcy court's memorandum decision clearly finds Mr. Davis and Mr. Arnold liable on the third and fourth claims for relief: "As discussed in this memorandum decision, the following transfers are avoided under 11 U.S.C. § 549 and recoverable pursuant to 11 U.S.C. § 550, and are recoverable from **Mr. Davis**, **Mr. Arnold**, FedChex, and FedChex Recovery . . . ." Id. at 89 (emphasis added).

Accordingly, we reject Appellants' argument and decline to amend the bankruptcy court's judgment or remand for additional findings.

**CONCLUSION**

Based on the foregoing, we AFFIRM.